

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-17-00247-CR

___

DAVID CHANCE PUTMAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

___

On Appeal from the 223rd District Court
Gray County, Texas
Trial Court No. 9865, Honorable Phil N. Vanderpool, Presiding

___

January 11, 2018

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant David Chance Putman appeals from the judgment through which the trial court revoked his community supervision and sentenced him to a term of imprisonment of two years. In presenting this appeal, counsel has filed an *Anders*[1] brief in support of his motion to withdraw. We will affirm the court's judgment and grant counsel's motion to withdraw.

___

[1] *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

In 2014, appellant was indicted for the offense of theft of property of a value less than $1500.[2] The indictment included appellant's previous convictions. In 2016, as part of a plea agreement with the State, appellant pleaded guilty to the offense as charged. In exchange, appellant was placed on community supervision for a period of three years. His community supervision was subject to certain terms and conditions.

In 2017, the State filed a motion to revoke community supervision alleging appellant had violated several conditions of his community supervision. The trial court held a hearing on the State's motion. Appellant pleaded "not true" to the State's allegations but admitted to several of the State's allegations during the State's cross-examination of him during the hearing.

Two other witnesses testified at the hearing. A police officer testified to his March 2017 traffic stop of appellant because appellant was driving without a driver's license. Appellant's community supervision officer testified to appellant's several violations of the terms of his community supervision. Those violations included a positive drug test and appellant's admission to use of methamphetamine, failure to report as required, failure to pay fines, fees and costs, failure to complete community service hours, and failure to complete required counseling.

At the conclusion of the hearing, the trial court found appellant violated the provisions of his community supervision as alleged by the State and sentenced appellant to imprisonment for a term of two years and imposed against him the originally-assessed fine of $1000.

---

[2] TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (West Supp. 2017).

In support of his motion to withdraw, appellant's appellate counsel has certified he has conducted a conscientious examination of the record, and in his opinion, it reflects no potentially plausible basis for reversal of appellant's conviction. *Anders,* 386 U.S. at 744-45; *In re Schulman,* 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel discusses why, under the controlling authorities, the record supports that conclusion. *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has further demonstrated he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to appellant, (2) notifying him of his right to review the record and providing him with a copy of the appellate record, and (3) informing him he may file a *pro se* response if he desired to do so. *In re Schulman,* 252 S.W.3d at 408; *see Kelly v. State,* 436 S.W.3d 313 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on filing a motion to withdraw supported by an *Anders* brief). By letter, this Court granted appellant an opportunity to exercise his right to file a response to counsel's brief. Appellant did not file a response.

We have conducted our own review of the entire record to assess the accuracy of counsel's conclusions and to independently determine whether there are any non-frivolous issues that were preserved in the trial court and which might support the appeal. *Penson v. Ohio,* 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman,* 252 S.W.3d at 409; *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues.

After carefully reviewing the appellate record and counsel's brief, we conclude there are no plausible grounds for appellate review. *Bledsoe v. State,* 178 S.W.3d 824,

826-27 (Tex. Crim. App. 2005).  We therefore affirm the trial court's judgment and grant counsel's motion to withdraw.[3]  TEX. R. APP. P.  43.2(a).


James T. Campbell
Justice


Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review with the Court of Criminal Appeals.  TEX. R. APP. P. 48.4.